United States District Court
Northern District of California

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: CR-13-0130 YGR (KAW) |
| Plaintiff, | DETENTION ORDER |
| v. | |
| JAMES CRAIG DAVIS, | |
| Defendant. | |

## I. BACKGROUND INFORMATION

Defendant James Craig Davis is charged in an indictment with violations of 18 U.S.C. § 2113(a) and (d) (armed bank robbery), 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c) (forfeiture allegation). Defendant was arrested on a warrant in the Western District of Missouri, and was removed to this district in the custody of the Marshals. Pretrial Services in the Western District of Missouri completed a full bail study, and recommended that Defendant be detained.

On March 11, 2013, the United States moved for Defendant's detention pursuant to the Bail Reform Act, and asked for a hearing as permitted by 18 U.S.C. § 3142(f). Pretrial Services in this District prepared a supplemental bail study, and also recommended that Defendant be detained.

On March 20, 2013, the Court conducted a detention hearing. Defendant was present, in custody, and represented by Assistant Public Defender Ellen Leonida. Assistant United States Attorney Kevin Lin appeared on behalf of the Government. For the reasons stated below, the Court orders that Defendant be detained.

///

///

DETENTION ORDER
CR-13-0130 YGR (KAW)                                1

## II. LEGAL ANALYSIS

The Bail Reform Act requires that in a pretrial posture, the government bears the burden of proving that a defendant poses a risk of flight and/or a danger to the community that cannot be mitigated through the imposition of conditions of release. If the government does not meet its burden, the court's duty is to fashion appropriate conditions that permit the defendant to remain out of custody during the preparation of his or her defense, while safeguarding against flight or danger to the community. Close cases should result in release: "[t]o give effect to the principle that doubts regarding the propriety of release be resolved in favor of the defendant, the court is to rule against detention in close cases." *United States v. Chen*, 820 F. Supp. 1205, 1208 (N.D. Cal. 1992) (Walker, J.) (citing *United States v. Motamedi*, 767 F.2d 1403, 1405-06 (9th Cir. 1985)).

A person facing trial generally shall be released if some "condition, or combination of conditions . . . [can] reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c). In non-capital cases, pretrial release should be denied "[o]nly in rare circumstances." *Motamedi,* 767 F.2d at 1405; *see also United States v. Salerno*, 481 U.S. 739, 755 (1987) (upholding constitutionality of Bail Reform Act; "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception"). Bail hearings generally proceed by proffer, and the rules of evidence do not apply. 18 U.S.C. § 3142(f). At the hearing, the court determines whether any conditions in section 3142(c) will reasonably assure the defendant's appearance and the safety of the community or another person. *Id.* The Bail Reform Act "mandates release of a person facing trial under the least restrictive condition or combination of conditions that will reasonably assure the appearance of the person as required." *Motamedi*, 767 F.2d at 1405.

In evaluating whether pretrial release is appropriate, a court must consider (1) the nature and circumstances of the offense, (2) the weight of the evidence, (3) the history and characteristics of the person (including his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, or record concerning appearance at court proceedings), and (4) the nature and seriousness of the danger to any person

or the community posed by the person's release.  18 U.S.C. § 3142(g); *Motamedi*, 767 F.2d at 1407.

The indictment charges that on or about January 16, 2013, Defendant, by threatening bank employees with a pellet gun, took $6,014 from the Mechanics Bank in Berkeley.

**A.  The Nature and Circumstances of the Offense and Weight of the Evidence**

The offense charged in this case is armed bank robbery.  The nature and circumstances of the offense weigh in favor of detention, as Defendant allegedly threatened a bank employee with a pellet gun, stating that he would shoot the employee if the employee did not cooperate, which indicates that he may be violent and pose a danger to the community.  While the weight of the evidence is the least important factor, it weighs in favor of detention, as the affidavit in support of the criminal complaint states that Davis's appearance matches videos and images of the bank robber, and several bank employees picked Davis out of a photo line-up.

**B.  The History and Characteristics of the Defendant and the Nature and Seriousness of the Danger to Any Person or the Community**

Defendant is 33 years old.  He was born in Kansas City, Kansas, but has lived most of his life in Oakland.  His mother, with whom he has minimal contact, lives in Oakland.  He was married in January 2013, but other than his wife, and his two-year-old daughter that he had with another woman, he has no family that he keeps in regular contact with.  He does not have a passport and has no history of international travel.  He has been unemployed since May 2012, but has experience working in temp agencies and in construction, fork-lift driving, and roofing.  He stated that he does not suffer from any physical or mental health conditions.

Defendant started using heroin when he was 10 or 11 years old, and became a daily user.  He has not used heroin in the last 8 months, since he started taking methadone for the addiction.  He did not report any other substance abuse problems.

Defendant's criminal record contains several indications that he poses a danger to the community.  As an adult, he has been convicted of aggravated assault with a deadly weapon, second degree robbery, and second degree burglary; and has been arrested for murder, sexual assault, misdemeanor theft, driving under the influence, second degree robbery, possession and

purchase of cocaine base for sale, and second degree burglary.  Defendant has an active warrant for a second degree robbery in Berkeley, California, and a warrant for his failure to appear in traffic court in Kansas.  According to the Pretrial Services report from the Western District of Missouri, Defendant was on probation in Alameda County when he allegedly committed this offense.

Defendant's wife was present at the detention hearing, and was willing to serve as a surety.  She was arrested for burglary on January 25, 2013, and is currently out on a $55,000 bail bond.  She is unemployed, and receives disability benefits for sickle cell anemia.

Defendant's violent criminal history includes convictions for aggravated assault, robbery, and burglary, and arrests for murder and assault.  Taken with the nature of the instant offense, in which he allegedly threatened to shoot a bank employee, Defendant's history shows that he poses a danger to the community.

Furthermore, the penalties Defendant is facing in this case, together with Defendant's lack of a steady employment history, substance abuse history, outstanding warrants, and violations of his parole, show that he is a risk of flight.  Although Defendant has some family ties in this district, the only surety he provided is not viable due to her lack of employment and recent criminal history.  As such, the Court finds that no conditions of release would reasonably assure the safety of the community or Defendant's appearances.

## III.  CONCLUSION

In light of Defendant's criminal history, the nature of the instant offense, and the weight of the evidence, the Court finds that Defendant presents a danger to the community, and that there is no condition or combination of conditions that will reasonably assure the safety of any other person or the community.

///

///

///

DETENTION ORDER
CR-13-0130 YGR (KAW)                                      4

For the reasons set forth above, Defendant shall remain committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: March 21, 2013

_____
KANDIS A. WESTMORE
UNITED STATES MAGISTRATE JUDGE

DETENTION ORDER
CR-13-0130 YGR (KAW)                                        5